IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

JENNIFER SHORR, individually
and on behalf of all others similarly situated,        Civil File No. _____

    *Plaintiff*,

v.                                                     **CLASS ACTION COMPLAINT**

UNITEDHEALTH GROUP, a Minnesota
corporation,                                           **DEMAND FOR JURY TRIAL**

    *Defendant.*

_____

Plaintiff Jennifer Shorr brings this class action complaint against Defendant UnitedHealth Group ("Defendant" or "UHG") to stop its practice of making unauthorized text message calls to the cellular telephones of individuals nationwide, and to obtain redress for all persons injured by its conduct. Plaintiff, for her class action complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## INTRODUCTION

1. UHG is one of the largest healthcare service providers in the United States. In an attempt to promote its company, Defendant made (or directed to be made on its behalf) unauthorized text message calls to the cellular telephones of consumers throughout the country—without prior consent—in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

468622.1

2. By making these unauthorized text message calls, Defendant has caused consumers actual harm, not only because they were subjected to the aggravation that necessarily accompanies the receipt of unauthorized text message calls, but also because consumers frequently have to pay their cell phone service providers for the receipt of such unauthorized text message calls.

3. In order to redress these injuries, Plaintiff, on behalf of herself and a nationwide class of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA"), which prohibits the making of unsolicited and unauthorized voice and text calls to cellular telephones.

4. On behalf of herself and the putative Class, Plaintiff seeks an injunction requiring Defendant to cease the making of all unauthorized text message calls and an award of statutory damages, together with costs and reasonable attorneys' fees.

## PARTIES

5. Plaintiff Jennifer Shorr is a natural person and citizen of the State of New Jersey.

6. Defendant UnitedHealth Group is a corporation incorporated in and existing under the laws of the State of Minnesota with its principal place of business located at 9900 Bren Road East, Minnetonka, Minnesota 55343. UHG does business throughout the United States, the State of Minnesota and this District.

## JURISDICTION

7. The Court has original jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1332(d) because (a) at least one member of the putative class is a citizen of a

state different from Defendant, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) none of the exceptions under that subsection apply to this action.

8. The Court has personal jurisdiction over UHG because it resides in this District, conducts business in this District, and the unauthorized text message calls alleged herein occurred in, were directed to, and/or emanated from this District.

## VENUE

9. Venue is proper in this District under 28 U.S.C. § 1391(b) because

10. UHG resides in this District, and a substantial part of the events giving rise to the claim occurred in this District, as the unauthorized text messages calls alleged herein were made by or on behalf of Defendant from this District.

## COMMON FACTUAL ALLEGATIONS

11. In recent years, companies who often have felt stymied by federal laws limiting solicitation by telephone, facsimile machine, and e-mail have increasingly looked to alternative technologies through which to send bulk correspondence cheaply.

12. A "Short Message Service" or "SMS" is a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text message calls, usually limited to 160 characters.

13. An "SMS message" is a text message call directed to a wireless device through the use of the telephone number assigned to the device. When an SMS message call is successfully made, the recipient's cell phone rings, alerting him or her that a call is being received. As cellular telephones are inherently mobile and are frequently carried on

their owner's person, calls to cellular telephones, including SMS messages, may be received by the called party virtually anywhere worldwide.

14.     Unlike more conventional correspondence, unauthorized telephone calls to cellular telephones frequently cost the recipients money, because cell phone users like Plaintiff must pay their respective wireless service providers either for each text message call they receive or for a text plan that includes a number of messages, regardless whether or not the message is authorized.

15.     Beginning in 2012, Defendant made, and continues to make, text message calls to Plaintiff's and the other Class member's cellular phones without consent.

16.     For instance, on or around August 2, 2012, Plaintiff's cell phone rang, indicating that a text call was being received. The "from" field of such transmission was identified cryptically as "61844," a format which is an abbreviated telephone number known as an SMS short code operated by Defendant's agents. The body of such text message read:

> Thx for opting in to receive
> UHG career updates! 1 msg/mo. Reply UHG
> HELP for more info, reply
> STOP to cancel.
> Msg&Data Rates May Apply.

17.     Plaintiff thereafter texted "STOP" to "61844" in an attempt to opt-out of receiving future text message calls from UHG.

18.     Unfortunately, UHG ignored Plaintiff's opt-out directive and continued to make unauthorized text message calls to her cellular phone. For instance, immediately after opting-out of receiving future text message calls from UHG on August 14, 2012,

Defendant made the following unauthorized text message call to Plaintiff's cellular phone:

> You're opted in to these
> UnitedHealth Group
> programs:
> UHG
> UHG
> Reply <keyword> STOP to
> opt out, reply STOPALL to
> opt out of all.

19. Subsequently, on or around August 30, 2012, Defendant again ignored Plaintiff's opt-out directive, and proceeded to make the following unauthorized text message call to her cellular phone:

> See how Chris does his
> life's best work @ UHG
> http://uhg.hr/QrlCNb
> Trms&Condition
> http://bit.ly/termsUHG or
> 800-561-0861
> Msg&DataRatesMayApply
> Rply STOP 2OptOut

20. Thereafter, and given that UHG simply ignored Plaintiff's previous opt-out directives, Plaintiff again texted "STOP" to "61844" to opt-out of receiving future unauthorized text message calls—as directed by Defendant's text message call itself.

21. Defendant again ignored Plaintiff's opt-out directive, and on September 11, 2012 made the following unauthorized text message call to her cellular phone:

> You're opted in to these
> UnitedHealth Group
> programs:
> UHG
> UHG

>Reply <keyword> STOP to
>opt out, reply STOPALL to
>opt out of all.

22. Having already twice texted "STOP" to "61844," Plaintiff this time attempted to opt out by texting "<keyword> STOP"—as literally directed by the unauthorized text message call itself.

23. That didn't work either—moments later, Defendant again ignored Plaintiff's opt-out directive and made another text message call to her cellular phone:

>Sorry, we did not
>Recognize your response.
>Reply UHG to opt in STOP
>to opt out or HELP for
>more info. Msg&Data
>Rates May Apply.

24. On September 30, 2012, Defendant again ignored Plaintiff's repeated opt-out directives, and made yet another unauthorized text message call to her cellular phone:

>UHG Joins the Dow Jones
>Industrial Average
>http://uhg.hr/OslZgD
>Trms&Condition
>http://bit.ly/termsUHG or
>800-561-0861
>Msg&DataRatesMayApply
>Rply STOP 2OptOut.

25. Plaintiff did not consent to, request, or otherwise desire or permit UHG, or anyone on its behalf, to transmit or make these unauthorized text message calls to her cellular phone.

26. Defendant made or transmitted, or had made or transmitted on its behalf, the same (or substantially the same) unauthorized text message calls en masse to a list of thousands of cellular telephone numbers or randomly generated phone numbers.

27. On information and belief, Defendant made these unauthorized text message calls to Plaintiff and the Class members using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

## CLASS ALLEGATIONS

28. Plaintiff brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and (b)(3) on behalf of herself and a class (the "Class") defined as follows:

> All persons in the United States and its Territories who received one or more unauthorized text message calls from or on behalf of UHG.

29. **Numerosity**: The exact number of Class members is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant has made unauthorized text message calls to thousands of consumers who fall into the definition of the Class. Class members can be identified through Defendant's records.

30. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages arising out of Defendant's uniform wrongful conduct and unauthorized text message calls.

31. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced

in complex class actions. Plaintiff has no interest antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

33. Commonality and Predominance: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    (a) whether Defendant's conduct constitutes a violation of the TCPA;

    (b) whether the equipment Defendant used to make the unauthorized text message calls in question was an automatic telephone dialing system as contemplated by the TCPA; and

    (c) whether Class members are entitled to treble damages based on the willfulness of Defendant's conduct.

33. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies

presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

### FIRST CAUSE OF ACTION
**Violation of 47 U.S.C. § 227**
**(On behalf of Plaintiff and the Class)**

34.  Plaintiff hereby incorporates the foregoing allegations as if fully set forth herein.

35.  Defendant made and continues to make unauthorized text message calls to the wireless telephone numbers of Plaintiff and the other members of the Class using equipment that, upon information and belief, has the capacity to store or produce telephone numbers to be called using a random or sequential number generator.

36.  These unauthorized text message calls were made en masse and without the prior express consent of the Plaintiff and the other members of the Class.

37.  Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's illegal conduct, the members of the class suffered actual damages and, under section 227(b)(3)(B), are each entitled to, *inter alia,* a minimum of $500.00 in damages for each violation of such act.

38.  Because Defendant's misconduct was willful and knowing, the Court should, pursuant to section 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by the Plaintiff and the other members of the Class.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jennifer Shorr, individually and on behalf of the Class, prays for the following relief:

(a) An order certifying the Class as defined above, appointing Plaintiff Jennifer Shorr as the representative of the Class, and appointing her counsel as Class Counsel;

(b) An award of actual and statutory damages;

(c) An injunction requiring Defendant to cease all unauthorized text message activities, and otherwise protecting the interests of Plaintiff and the Class;

(d) An award of reasonable attorneys' fees and costs; and

(e) Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: April 15, 2013  **LOCKRIDGE GRINDAL NAUEN P.L.L.P.**

By: /s/ Robert K. Shelquist
   Robert K. Shelquist, #21310X
100 Washington Avenue South, Suite 2200
Minneapolis, Minnesota 55401
Tel: (612) 339-6900
Fax: (612) 339-0981
rkshelquist@locklaw.com

Jay Edelson\*
Rafey S. Balabanian\*
Ari J. Scharg\*
Eve-Lynn Rapp\*
EDELSON LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Telephone: (312) 589-6370
Facsimile: (312) 589-6378
jedelson@edelson.com
rbalabanian@edelson.com
ascharg@edelson.com
erapp@edelson.com

***Attorneys for Plaintiff***

\**Pro Hac Vice* admission to be sought