IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JENNIFER SHORR,

                           *Plaintiff*,                Case No: 13-cv-00876-JRT-AJB

*v.*                                      **AMENDED CLASS ACTION
COMPLAINT**

UNITEDHEALTH GROUP,

                          *Defendant*.        **DEMAND FOR JURY TRIAL**

Plaintiff Jennifer Shorr brings this class action complaint against Defendant UnitedHealth Group ("Defendant" or "UHG") to stop its practice of making unauthorized text message calls to the cellular telephones of individuals nationwide, and to obtain redress for all persons injured by its conduct. Plaintiff, for her amended class action complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

      1.      UHG is one of the largest healthcare service providers in the United States. In an attempt to promote its company, Defendant made (or directed to be made on its behalf) unauthorized text message calls to the cellular phones of consumers throughout the country—without consent—in violation of the Telephone Consumer Act, 47 U.S.C. § 227 ("TCPA").

      2.      By making such unauthorized text message calls, Defendant has caused consumers actual harm, not only because they were subjected to the aggravation that

necessarily accompanies the receipt of unauthorized text message calls, but also because consumers frequently have to pay their cell phone service providers for the receipt of such text message calls.

3.      In order to redress these injuries, Plaintiff, on behalf of herself and two nationwide classes of similarly situated individuals, brings suit under the TCPA, which prohibits the making of unsolicited and unauthorized voice and text calls to cellular telephones.

4.      On behalf of herself and the putative Classes, Plaintiff seeks an injunction requiring Defendant to cease the making of all unauthorized text message calls, and an award of statutory damages, together with costs and reasonable attorneys' fees.

## PARTIES

5.      Plaintiff Jennifer Schorr is a natural person and citizen of the State of New Jersey.

6.      Defendant UnitedHealth Group is a corporation incorporated and existing under the laws of the state of Minnesota, with its principal place of business located at 9900 Bren Road East, Minnetonka, Minnesota 55343. UHG does business throughout the United States, the State of Minnesota, and in this District.

## JURISDICTION AND VENUE

7.      The Court has original jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1332(d) because: (i) at least one member of the putative class is a citizen of a state different from Defendant, (ii) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (iii) none of the exceptions under that subsection

apply to this action.

8.     The Court has personal jurisdiction over UHG because it resides in this District, conducts business in this District, and the unauthorized text message calls alleged herein occurred in, were directed to, and/or emanated from this District.

9.     Venue is proper in this District under 28 U.S.C. § 1391(b) because UHG resides in this District, and a substantial part of the events giving rise to the claim occurred in this District, as the unauthorized text message calls alleged herein were made by or on behalf of Defendant from this District.

## COMMON FACTUAL ALLEGATIONS

10.    In recent years, companies who often have felt stymied by federal laws limiting solicitations by telephone, facsimile machine, and e-mail have increasingly looked to alternative technologies through which to send bulk correspondence cheaply.

11.    A "Short Message Service" or "SMS" is a messaging system that allows cellular telephone subscribers to use their cell phones to send and receive text message calls, usually limited to 160 characters.

12.    An "SMS message" is a text message call directed to a wireless device through the use of the telephone number assigned to the device.  When an SMS message call is made, the recipient's cell phone rings, alerting him or her that a call is being received.

13.    Unlike more conventional correspondence, unauthorized telephone calls to cellular telephones frequently cost the recipients money, because cell phone users like Plaintiff must pay their respective wireless service providers either for each text message

call they receive or for a text plan that includes a number of messages, regardless of whether or not the message is authorized.

## FACTS RELATING TO PLAINTIFF

14.     Starting in 2012, Defendant made, and continues to make, text message calls to Plaintiff's and the other Class members' cellular phones without consent.

15.     For instance, on or around August 2, 2012, Plaintiff's cell phone rang, indicating that a text call was being received.  The "from" field of such transmissions was identified cryptically as "61844," a format which is an abbreviated telephone number known as an SMS short code, operated by Defendant's agents.  The body of the text message read:

> Reply UHG to OptIn to receive
> UHG Career Updates (1/Mo). Terms&Conditions:
> http://bit.ly/termsUHG or 800-561-0861
> Msg&DataRatesMayApply RplyUHG STOP2OptOut

16.     Plaintiff thereafter texted "UHG," indicating her intent to receive career-related text messages—and only career-related text messages—from UHG.  In other words, Plaintiff provided her limited consent to receive text messages related solely to "career updates" at UHG.

17.     Similarly, Plaintiff's consent to receive "career updates" was also limited by the express retention of her right to ultimately "opt out" of UHG's "Career Updates" text-messaging program.  As such, Plaintiff expressly retained the right to revoke her consent at any time by following the guidelines for "opting out" established by UHG. Had Plaintiff known that she would be unable to "opt out" of UHG's "Career Updates,"

she never would have provided her consent to receive career-related text messages in the first place.

18.     To confirm that Plaintiff provided her limited consent to receive text messages related to "career updates," and to provide her with instructions on how to "cancel" such text messages, UHG sent the following text message to her cellular phone:

> Thx for opting in to receive
> UHG career updates! 1 msg/mo. Rply UHG
> HELP for more info, reply
> STOP to cancel.
> MSG&Data Rates May Apply.

19.     On August 14, 2012, after no longer having any use for "career updates," Plaintiff opted out of UHG's "Career Updates" program by replying to the above text message with the keyword "Stop," as instructed by the text message itself.

20.     By responding to the above text message, Plaintiff's "Stop" directive was sent via SMS to "61844"—UHG's licensed SMS short code.

21.     Unfortunately, although UHG received Plaintiff's "Stop" directive, UHG ignored it, and sent her the following unauthorized text message:

> You're opted in to these
> UnitedHealth Group programs:
> UHG
> UHG
> Reply <keyword> STOP to
> opt out, reply STOPALL to
> opt out of all.

22.     Subsequently, on August 30, 2012, Defendant again ignored Plaintiff's opt-out directive, and proceeded to make the following unauthorized text message call to her cellular phone:

> See how Chris does his
> life's best work @UHG
> http://uhg.hr/QrlCNb
> Trms&Condition
> http://bit.ly/termsUHG or
> 800-561-0861
> Msg&DataRatesMayApply
> Reply STOP 2OptOut.

23.     Thereafter, and hoping that UHG would finally recognize her opt-out directive, Plaintiff again replied by texting "Stop" to "61844," as instructed by the text message itself.

24.     However, and despite receiving Plaintiff's opt-out directive, Defendant again ignored it and sent her the following unauthorized text message:

> You're opted in to these
> UnitedHealth Group programs:
> UHG
> UHG
> Reply <keyword> STOP to opt out,
> reply STOPALL to opt out of all

25.     Having already twice texted "Stop" to "61844," Plaintiff this time attempted to opt out by texting "<keyword> STOP"—as literally directed by the unauthorized text message call itself.

26.     That didn't work either.  Moments later, Defendant again ignored Plaintiff's opt-out directive and immediately sent the following unauthorized text message to her cellular phone:

> Sorry, we did not
> Recognize your response.
> Reply UHG to opt in STOP
> to opt out or HELP
> for more info. MSG&Data

Rates May Apply.

27.     Taking instruction from Defendant's text message, Plaintiff responded "STOP" in hopes that it would finally put an end to her receipt of Defendant's harassing text messages.

28.     Yet again, however, Defendant ignored Plaintiff's opt-out directive by sending her the following unauthorized text message:

> You're opted in to these
> UnitedHealth Group programs:
> UHG
> UHG
> null
> null
> Reply <keyword>STOP to opt out,
> reply STOPALL to opt out of all.

29.     In the ensuing months, UHG bombarded Plaintiff's cellphone with a barrage of unauthorized and unlawful promotional text messages that had nothing to do with "career updates."

30.     For example, on September 30, 2012, Defendant sent the following unauthorized, and not career-related, promotional text message to Plaintiff's cellular phone:

> UHG Joins the Dow Jones
> Industrial Average
> http://uhg.hr/OslZgD
> Trms&Condition
> http://bit.ly/termsUHG or
> 800-561-0861
> Msg&DataRatesMayApply
> Rply STOP 2OptOut.

31.     Then, on November 15, 2012, Defendant sent another unauthorized, and

not career-related, promotional text message to her cellular phone, stating:

> UHG Takes Action to
> Support People Affected by Hurricane Sandy:
> http://uhg.hr/TqOrzi. Reply UHG Help
> for more info or UHG STOP to cancel
> Msg&DataRatesMayApply.

32.     Exceedingly frustrated, Plaintiff again responded by texting "Stop" to "61844," in hopes that she could finally put an end to Defendant's incessant text messaging.

33.     Again, however, Defendant ignored her request, and responded with the following text message:

> You're opted in to these
> UnitedHealthGroup programs
> UHG
> UHG
> null
> null
> Reply <keyword> STOP to opt out,
> reply STOPALL to opt out of all

34.     Over the coming months, Defendant sent three more unauthorized, and not career-related, promotional text messages to Plaintiff's cellular phone.

35.     On December 18, 2012, Defendant sent Plaintiff an unauthorized, not career-related, promotional text message that stated:

> Happy Holiday wishes from
> UnitedHealth Group. Let's continue the
> conversation in 2013!
> Reply UHG Help for info
> or UHG STOP to stop

36.     Then, on January 21, 2013, Defendant sent Plaintiff an unauthorized, not

career-related, promotional text message that stated:

> UnitedHealthcare Offers $60K Prize
> in Effort to Improve Peoples' Health
> http://ugh.hr/10lYA5Q Rply UHG HELP
> for info rply UHG STOP to stop
> Msg&DataRatesMayAply

37.     A month later, on February 28, 2013, Defendant sent Plaintiff an unauthorized, not career-related, promotional text message that stated:

> Optum & Mayo Clinics launch
> Optum Labs in effort to improve patient care
> http://uhg.hr/XDmOFd. Rply UHG HELP for info rply
> UHG STOP to stop Msg&DataRatesMayAply

38.     Plaintiff did not consent to, request or otherwise desire or permit UHG, or anyone on its behalf, to transmit or make the unauthorized text message calls described above to her cellular phone.

39.     In fact, Defendant exceeded the limited scope of consent that Plaintiff provided when she opted into its "Career Updates" program in two distinct ways.  First, Defendant exceeded the limited scope of consent that Plaintiff provided by continuing to send text messages to her cellular phone *after* she exercised her right to opt out of the "Career Updates" program on August 14, 2012.  The ability to opt out (and thereby withdraw her consent) was an express contractual condition on which Plaintiff provided her limited consent in the first place.  Second, Defendant exceeded the limited scope of consent that Plaintiff provided by sending promotional text messages to her cellular phone that had nothing to do with "career updates"—the only content that she agreed to receive via text message from UHG.

40.     Defendant made or transmitted, or had made or transmitted on its behalf, the same (or substantially the same) unauthorized text message calls *en masse* to a list of thousands of cellular telephone numbers or randomly generated phone numbers.

41.     On information and belief, Defendant made these unauthorized text message calls to Plaintiff and the Class members using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

## CLASS ALLEGATIONS

42.     Plaintiff brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and (b)(3) on behalf of herself and two classes ("Classes") defined as follows:

**The "Career Updates" Class**:  All persons in the United States and its Territories who (a) joined UHG's "Career Updates" text messaging program, and (b) received one or more unauthorized text message calls from or on behalf of UHG.

**The "Opt Out" Class:**  All persons in the United States and its Territories who (a) joined one or more of UHG's text messaging programs, (b) opted out by texting "STOP" or a related keyword to "61844," and (c) subsequently received one or more unauthorized text message calls from or on behalf of UHG.

The following people are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or it parents have a controlling interest and their current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Classes; (4) all Persons whose claims against the Defendant have been fully and finally adjudicated and/or released; and (5) the legal representatives, successors, or assigns of any such excluded persons.

43.     **Numerosity**: The exact number of Class members is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable.

On information and belief, Defendant has made unauthorized text message calls to

thousands of consumers who fall into the Class definitions.  Class members may be identified through Defendant's records.

44.     **Typicality**: Plaintiff's claims are typical of the claims of the other Class members, in that Plaintiff and the Class members sustained damages arising out of Defendant's uniform wrongful conduct and unauthorized text message calls.

45.     **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff.

46.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

(a)   whether Defendant's conduct constitutes a violation of the TCPA;

(b)   whether the equipment Defendant used to make the unauthorized text message calls in question was an automatic telephone dialing system as contemplated by the TCPA; and

(c)   whether Class members are entitled to treble damages based on the willfulness of Defendant's conduct.

47.     **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of the controversy because joinder of all parties is impracticable.  The

damages suffered by the individual Class members will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions.  Thus, it would be virtually impossible for the individual members of the Classes to obtain effective relief from Defendant's misconduct.  Even if Class members could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Amended Complaint.  By contrast, a class action represents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single Court.  Economies of time, effort, and expense will be fostered and uniformity of decisions ensured.

**CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227**
**(On behalf of Plaintiff and the Classes)**

48.     Plaintiff hereby incorporates the foregoing allegations as if fully set forth herein.

49.     Defendant made and continues to make unauthorized text message calls to the wireless telephone numbers of Plaintiff and the other members of the Classes using equipment that, upon information and belief has the capacity to store or produce telephone numbers to be called using a random or sequential number generator.

50.     These unauthorized text message calls were made *en masse* and without the prior express consent of Plaintiff and the other Class members.

51.     Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii).  As a

result of Defendant's illegal conduct, the Class members suffered actual damages and, under section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500.00 in damages for each violation of such act.

52.     Because Defendant's misconduct was willful and knowing, the Court should, pursuant to section 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other Class members.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jennifer Shorr, individually and on behalf of the Classes, prays for the following relief:

(a)     An order certifying the Classes as defined above, appointing Plaintiff Jennifer Shorr as the representative of the Classes, and appointing her counsel as Class Counsel;

(b)     An award of actual and statutory damages;

(c)     An injunction requiring Defendant to cease all unauthorized text message activities, and otherwise protecting the interests of Plaintiff and the Classes;

(d)     An award of reasonable attorneys' fees and costs; and

(e)     Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: July 29, 2013                        Respectfully submitted,

                                            **JENNIFER SHORR**, individually and on
                                            behalf of all others similarly situated,

                                            By: /s/ Ari J. Scharg
                                                 *One of Plaintiff's Attorneys*


                                            Robert K. Shelquist, #21310X
                                            LOCKRIDGE GRINDAL NAUEN PLLP
                                            100 Washington Avenue South, Suite 2200
                                            Minneapolis, Minnesota 55401
                                            Tel: (612) 339-6900
                                            Fax: (612) 339-0981
                                            rkshelquist@locklaw.com

                                            Jay Edelson (Admitted *Pro Hac Vice*)
                                            Rafey S. Balabanian (Admitted *Pro Hac Vice*)
                                            Ari J. Scharg (Admitted *Pro Hac Vice*)
                                            Eve-Lynn Rapp (Admitted *Pro Hac Vice*)
                                            EDELSON LLC
                                            350 North LaSalle, Suite 1300
                                            Chicago, Illinois 60654
                                            Telephone: (312) 589-6370
                                            Facsimile: (312) 589-6378
                                            jedelson@edelson.com
                                            rbalabanian@edelson.com
                                            ascharg@edelson.com
                                            erapp@edelson.com

                                            *Attorneys for Plaintiff Shorr and the putative
                                            Class*

14

## CERTIFICATE OF SERVICE

I, Ari J. Scharg, an attorney, certify that on July 29, 2013, I served the above and foregoing *Plaintiff's Amended Class Action Complaint*, by causing true and accurate copies of such paper to be filed with the Court and transmitted to all counsel of record via the Court's CM/ECF electronic filing system.

/s/ Ari J. Scharg